UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICHOLAS P. MUNT-LOVELL,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>ROUNDPOINT MORTGAGE SERVICING CORP., et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 2:25-cv-01365-TL<br><br>ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter is before the Court on Plaintiff Nicholas Munt-Lovell's motion for an *ex parte* temporary restraining order ("TRO"). Dkt. No. 13. Having considered Plaintiff's motion and the relevant record, the Court DENIES Plaintiff's motion with leave to re-file following appropriate service.

I. BACKGROUND

Plaintiff holds a mortgage serviced by Defendant RoundPoint. Dkt. No. 6 (complaint) ¶ 8. This action arises from Defendant RoundPoint's allegedly false reports of delinquency related to Plaintiff's mortgage. *See generally id.*

1  Plaintiff alleges that prior to the COVID-19 pandemic, his mortgage serviced by
2  Defendant RoundPoint had no history of delinquency. *Id.* ¶ 8. In 2020, Plaintiff "entered into a
3  COVID-related forbearance plan," but alleges that Defendant RoundPoint failed to report his
4  account as current during and after the forbearance. *Id.* ¶¶ 9–10.

5  Plaintiff contends that between September 2022 and February 2023, Defendant
6  RoundPoint improperly reported his mortgage account as "120 to 180 days delinquent." *Id.* ¶ 11.
7  Plaintiff disputed these purposed inaccuracies several times with Defendant RoundPoint and
8  Defendants Experian, Equifax, and TransUnion (collectively, "Credit Reporting Agency
9  Defendants"), but Defendant RoundPoint failed to correct its reporting. *Id.* ¶¶ 11–13. On
10 November 20, 2024, Plaintiff filed a complaint with the Consumer Financial Protection Bureau;
11 shortly thereafter, Defendant RoundPoint admitted that its reporting was erroneous and stated
12 that Plaintiff's account would be corrected. *Id.* ¶ 14.

13 But in December 2024, Defendant RoundPoint again reported a 120-day delinquency on
14 Plaintiff's mortgage account. *Id.* ¶ 15. Shortly thereafter, Defendant RoundPoint "ceased
15 reporting the mortgage account altogether" to Defendants Experian and TransUnion. *Id.* Plaintiff
16 contends that "[t]his removal wiped years of positive mortgage history and severely damaged
17 Plaintiff's credit score, lowering his TransUnion FICO score to the low 400s." *Id.* ¶ 16.

18 On June 5, 2025, Defendant RoundPoint again reported Plaintiff as 120-days delinquent.
19 *Id.* ¶ 17. Plaintiff contends that at this time, he was "in a trial modification plan and not yet in
20 default under [the plan's] terms." *Id.* This resulted in Plaintiff's credit score further dropping and
21 his inability to acquire a needed cash-out refinance, equity investment products, and his home
22 equity. *Id.* ¶ 18.

23 On July 21, 2025, Plaintiff filed the instant action, asserting claims under the Fair Credit
24 Reporting Act and state-law claims for negligent misrepresentation, intentional infliction of

emotional distress, and violation of Washington's Consumer Protection Act. *See* Dkt. No. 6 at 4–6; *see also* Dkt. No. 1 (application for leave to proceed in forma pauperis). On August 5, 2025, Defendant RoundPoint issued a notice of default to Plaintiff. *See* Dkt. No. 13-2. This motion follows.

To date, Defendants have not appeared in this action.

## II. DISCUSSION

"A TRO, as with any preliminary injunctive relief, is an extraordinary remedy that is 'never awarded as of right.'" *Kovalenko v. Epik Holdings Inc.*, No. C22-1578, 2022 WL 16737471, at *2 (W.D. Wash. Nov. 7, 2022) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). The standards that govern TROs are "substantially similar" to those that govern preliminary injunctions. *Holthouse v. Wash. Dep't of Corrections*, No. C25-5257, 2025 WL 1167659, at *1 (W.D. Wash. Apr. 22, 2025) (citing *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017)). "To obtain a preliminary injunction, a plaintiff must establish: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) that the balance of equities favors the plaintiff, and (4) that an injunction is in the public interest." *Id.* (quoting *Geo Group, Inc. v. Newsom*, 50 F.4th 745, 753 (9th Cir. 2022) (en banc)). This test, arising from *Winter*, 555 U.S. 7, requires a showing for each element by the movant. *See id.*

"Importantly, given that the U.S. federal jurisprudence 'runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute . . . , courts have recognized very few circumstances justifying the issuance of an *ex parte* TRO.'" *Kovalenko*, 2022 WL 16737471, at *2 (omission in original) (quoting *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006)). In line with this principle, Federal Rule of Civil Procedure 65(b) provides that:

>    (a)(1) **Notice.** The court may issue a preliminary injunction only on notice to the adverse party.
>
>    . . . .
>
>    (b)(1) **Issuing Without Notice.** The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
>    (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before* the adverse party can be heard in opposition; and
>
>    (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

(emphases added). Further, Local Civil Rule 65 provides:

>    Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted. Unless the requirements of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied, the moving party must serve all motion papers on the opposing party, by electronic means if available, before or contemporaneously with the filing of the motion *and include a certificate of service with the motion. The motion must also include contact information for the opposing party's counsel or for an unrepresented party.*

LCR 65(b)(1) (emphasis added). Accordingly, the Court cannot grant a plaintiff's request for a TRO without a certification of adequate notice to defendants or a basis for issuing an *ex parte* TRO before defendants can be heard. *See, e.g., Kovalenko*, 2022 WL 16737471, at *2 (denying TRO because plaintiff failed to meet requirements for a TRO without notice). Here, Plaintiff has failed to make the requisite showing of either element.

First, Plaintiff has not demonstrated adequate notice to Defendants as required by Local Civil Rule 65. While Plaintiff contends that he provided Defendant RoundPoint with "settlement communications" on June 30, 2025, and July 25, 2025, he does not detail any effort to provide Defendant RoundPoint with notice of this action or his request for emergency injunctive relief,

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER – 4

nor does he provide a certificate of service or contact information for Defendant's counsel. *See* Dkt. No. 13 at 4. And Plaintiff provides no evidence of efforts made to provide any notice to Credit Reporting Agency Defendants. *See generally id.* Defendants have not appeared in this action, and there is no evidence of Defendants' awareness of this action, much less the instant motion.

Second, Plaintiff fails to justify the issuance of an *ex parte* TRO under the requirements of Federal Rule of Civil Procedure 65(b)(1). Plaintiff has not "certifie[d] in writing any efforts made to give notice *and the reasons why it should not be required*," and the Court finds no such justification from the record upon review. Fed. R. Civ. P. 65(b)(1)(B) (emphasis added). Plaintiff contends that "foreclosure proceedings are now a present and escalating risk, making immediate injunctive relief essential" (Dkt. No. 13 at 4)—however, the notice of default provides 30 days' notice to Plaintiff before any action will be taken by Defendant RoundPoint (Dkt. No. 13-2 at 8). This injury is not so imminent as to prevent Plaintiff from providing notice to Defendants.

### III. CONCLUSION

Accordingly, Plaintiff's motion for TRO is DENIED WITHOUT PREJUDICE.

Dated this 11th day of August 2025.

Tana Lin
United States District Judge