UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICHOLAS P. MUNT-LOVELL,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>ROUNDPOINT MORTGAGE SERVICING CORP., et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 2:25-cv-01365-TL<br><br>ORDER ON MOTION TO EXPEDITE CONSIDERATION OF PRELIMINARY INJUNCTION |

This matter is before the Court on Plaintiff's Motion to Expedite Consideration of Preliminary Injunction. Dkt. No. 49. Having considered Plaintiff's motion, Defendant RoundPoint's response (Dkt. No. 50), Plaintiff's reply (Dkt. No. 51), and the relevant record, the Court DENIES the motion.

## I. BACKGROUND

The Court assumes familiarity with the factual background of this case and will recite only those facts and procedural developments immediately relevant to this motion. *See* Dkt. No. 14 (Order on TRO) at 1–3 (reciting Plaintiff's factual allegations). Plaintiff, proceeding *pro*

*se*, is Nicholas P. Munt-Lovell, a resident of King County, Washington. Dkt. No. 6 (complaint) ¶ 5. Defendants are Experian Information Solutions, Inc.; Equifax Information Services, LLC; TransUnion, LLC (together, the "CRA [Credit Reporting Agency] Defendants"); and RoundPoint Mortgage Servicing Corporation ("RoundPoint"). *Id.* ¶¶ 6–7.

On August 11, 2025, the Court denied Plaintiff's motion for a temporary restraining order (Dkt. No. 13), finding that the motion was procedurally deficient. Dkt. No. 14 at 4–5. The next day, August 12, 2025, Plaintiff filed a motion for a preliminary injunction. Dkt. No. 16. In his motion, Plaintiff seeks an injunction that orders Defendants to:

> (1) Remove the June 2025 120-day late payment notation from Plaintiff's credit reports; (2) Cease reporting any further late payments or derogatory information on Plaintiff's mortgage account while this litigation is pending; (3) Restore the full tradeline history for Plaintiff's mortgage account to Experian and TransUnion; (4) Suspend all foreclosure activity on Plaintiff's property until final judgment in this case.

*Id.* at 2.

On September 2, 2025, the CRA Defendants responded to Plaintiff's motion. Dkt. No. 35. That same day, Defendant RoundPoint filed a motion seeking additional time to respond to Plaintiff's motion (Dkt. No. 31), which the Court granted (Dkt. No. 40). The noting date for the motion for preliminary injunction was set for September 23, 2025. *Id.* at 3. On September 14, 2025, Plaintiff filed a reply to the CRA Defendants' response to his motion. Dkt. No. 41. On September 16, 2025, Defendant RoundPoint filed its response to Plaintiff's motion (Dkt. No. 44), and on September 19, 2025, Plaintiff filed a reply brief to Defendant RoundPoint's response (Dkt. No. 46), thus rendering the matter fully briefed.[1]

---

[1] On September 23, 2025, Defendant RoundPoint filed a sur-reply. Dkt. No. 54.

On September 19, 2025, Plaintiff filed the instant motion to expedite the Court's consideration of his motion for preliminary injunction. Dkt. No. 49. Defendant RoundPoint responded to the motion to expedite the same day (Dkt. No. 50), and Plaintiff filed a reply brief on September 21, 2025 (Dkt. No. 51). The CRA Defendants did not respond to Plaintiff's motion to expedite.

## II.  DISCUSSION

Plaintiff avers that "[g]ood cause exists" to expedite the Court's consideration of his motion for a preliminary injunction (Dkt. No. 16), because "the closing of Plaintiff's family home is scheduled for September 30, 2025." Dkt. No. 49 at 1. "Without expedited relief," Plaintiff argues, "Plaintiff will suffer permanent loss of equity, housing displacement, and continued exclusion from the credit markets—harms that no later monetary award can remedy." *Id.* Defendant RoundPoint "does not oppose the Court['s] taking the Motion for Preliminary Injunction under consideration before the September 23 noting date." Dkt. No. 50 at 1. Defendant RoundPoint does, however, "refute[] Plaintiff's contention underlying the Motion to Expedite that he faces imminent or irreparable harm." *Id.* Further, Defendant RoundPoint points out that "the Court has no power over Plaintiff's real estate transaction with a third party buyer not joined in this case or presently in the Court's jurisdiction." *Id.*

Indeed, the imminent sale of Plaintiff's house—and the potential displacement of Plaintiff and his family—appears to be the principal motivation for Plaintiff's request that the Court accelerate its consideration of his motion for a preliminary injunction. Dkt. No. 49 at 2. But as Defendant RoundPoint has argued, the sale of Plaintiff's house pre-dates the filing of this case by nearly one month and the motion for preliminary injunction by nearly two months. *See* Dkt. No. 50 at 2 (citing Dkt. No. 41-1 (Munt-Lovell Supp. Decl.) at 79 (residential purchase and sale agreement dated June 22, 2025)). Moreover, although further litigation in this case might

ultimately cast doubt upon Defendant RoundPoint's reductive assertion that "Plaintiff's home sale is self-imposed" (*id.*), the issue before the Court here is the speed with which it rules on the underlying motion for a preliminary injunction, not the merits of the motion itself—or, for that matter, the conduct of Defendants. In that specific regard, Plaintiff's pre-existing contract with the buyer of his home is too attenuated from the relief requested in the preliminary injunction to warrant an immediate decision. The Court is sympathetic to Plaintiff's plight, but Plaintiff has not demonstrated how the relief sought, if granted, would bear on the sale of his home to a non-party to this lawsuit, the contract for which was executed on June 22, 2025. *See* Dkt. No. 41-1 at 79. Consequently, Plaintiff has not demonstrated how the relief sought would remedy the purportedly irreparable harm posed by the "imminent" sale of the home. *See* Dkt. No. 49 at 2.

The Court expresses no opinion regarding the merits of Plaintiff's motion for preliminary injunction, which the Court will consider in due course, in light of limited judicial resources and a heavy caseload.

### III. CONCLUSION

Therefore, Plaintiff's motion to expedite consideration of preliminary injunction (Dkt. No. 49) is denied.

Dated this 29th day of September 2025.

Tana Lin
United States District Judge