UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NICHOLAS P. MUNT-LOVELL,

Plaintiff,

v.

ROUNDPOINT MORTGAGE
SERVICING CORP. et al.,

Defendants.

CASE NO. 2:25-cv-01365-TL

ORDER ON MOTION TO DISMISS

This matter is before the Court on Defendant RoundPoint Mortgage Servicing Corporation's[1] ("Defendant RoundPoint") Motion to Dismiss (Dkt. No. 43). Having considered Defendant RoundPoint's motion, Plaintiff's response (Dkt. No. 48), Defendant RoundPoint's reply (Dkt. No. 58), and the relevant record, the Court GRANTS IN PART and DENIES IN PART Defendant's motion.

---

[1] Although there are three other defendants in this case—Experian Information Solutions Inc., Equifax Information Services LLC, and TransUnion LLC—the instant motion is brought only by Defendant RoundPoint.

ORDER ON MOTION TO DISMISS – 1

# I.    BACKGROUND

This action arises from Defendant RoundPoint's allegedly false reporting of delinquency related to Plaintiff's mortgage. *See generally* Dkt. No. 6. The Court assumes familiarity with the facts of this case. *See generally id.*; Dkt. No. 14 (Order on Motion for Temporary Restraining Order).

# II.    LEGAL STANDARD

A defendant may seek dismissal when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion to dismiss, the Court takes all well-pleaded factual allegations as true and considers whether the complaint "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient, a claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 672. "When reviewing a dismissal pursuant to Rule . . . 12(b)(6), 'we accept as true all facts alleged in the complaint and construe them in the light most favorable to plaintiff[ ], the non-moving party.'" *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1122 (9th Cir. 2019) (alteration in original) (quoting *Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1156–57 (9th Cir. 2017)). However, courts are "not 'required to accept as true allegations that contradict exhibits attached to the [c]omplaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).

ORDER ON MOTION TO DISMISS – 2

A pro se complaint must be "liberally construed" and held "to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (internal quotation marks omitted). Even so, a court should "not supply essential elements of the claim that were not initially pled." *Henderson v. Anderson*, No. C19-789, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (quoting *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)) (internal quotation marks omitted); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))). Further, "it is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) (internal citations omitted). Still, "[a] district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)). Lastly, courts typically allow pro se plaintiffs to amend their complaints in lieu of dismissal. *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017).

### III.    DISCUSSION

Plaintiff brings six claims[2] against Defendant RoundPoint: (1) violation of the Fair Credit and Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b) (Dkt. No. 6 ¶¶ 21–23); (2) violation of the FCRA, 15 U.S.C. § 1681s-2(a)(1)(F) and the Coronavirus Aid, Relief, and Economic Security ("CARES") Act (Dkt. No. 6 ¶¶ 24–25); (3) violation of the FCRA, 15 U.S.C. § 1681e(b) (Dkt.

---

[2] Counts I, II, and III are federal-law claims, and Counts IV, V, and VI are Washington state-law claims.

No. 6 ¶¶ 26–27); (4) negligent misrepresentation (*id.* ¶¶ 28–30); (5) intentional infliction of emotional distress ("outrage") (*id.* ¶¶ 31–32); and (6) violation of Washington Consumer Protection Act ("WCPA"), Chapter 19.86 RCW (Dkt. No. 6 ¶¶ 33–34). Counts[3] I, III, and V are alleged against all Defendants; Counts II, IV, and VI are alleged against Defendant RoundPoint only. The Court will address each count in turn.

**A.      Count I: Violation of the FCRA, 15 U.S.C. § 1681s-2(b)**

Plaintiff alleges that Defendants "failed to conduct a reasonable investigation into Plaintiff's disputes, continued to report demonstrably false data, and verified it as accurate." Dkt. No. 6 ¶ 21. Further, Plaintiff claims that Defendants "knew or should have known the reporting was inaccurate and failed to correct it." *Id.* ¶ 22. Lastly, Plaintiff claims that he suffered actual damages, including "loss of credit, emotional distress, and denial of financing." *Id.* ¶ 23. In support of these general allegations, Plaintiff alleges that: Defendant RoundPoint "falsely reported the mortgage account as 120 to 180 days delinquent" (*id.* ¶ 11); "Plaintiff disputed these alleged inaccuracies multiple times" to Defendant RoundPoint and the consumer reporting agencies ("CRA") and "provided documentation confirming [Plaintiff's] forbearance status and mortgage assistance (*id.* ¶ 12); Defendant RoundPoint "refused to correct the errors and instead confirmed their accuracy in dispute responses as late as December 5, 2024" (*id.* ¶ 13); Defendant RoundPoint "admitted the reporting was erroneous" and stated it would correct the errors (*id.* ¶ 14); and Defendant RoundPoint never corrected the errors (*id.* ¶ 15), which resulted in a massive reduction in Plaintiff's credit score and denial of cash-out refinancing (*id.* ¶¶ 16, 18).

In Defendant RoundPoint's motion to dismiss, it argues that Plaintiff fails to state a claim for which relief can be granted with regard to Count I because (1) some of the claims in Count I

---

[3] Plaintiff titled each alleged violation in the Claims for Relief section of his Complaint as a "Count." Therefore, the Court will also refer to them by "Count."

ORDER ON MOTION TO DISMISS – 4

are time-barred; and (2) Plaintiff's allegations regarding the remainder of the incidents included in Count I are false. *See* Dkt. No. 43 at 8.

### 1. Alleged Delinquencies Between September 2022 and February 2023

Defendant RoundPoint asserts that Plaintiff's claims regarding reporting about his mortgage account between September 2022 and February 2023 are barred by the statute of limitations for FCRA claims. *See id.*

The statute of limitations for FCRA claims is "not later than the earlier of[:] (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p(1)–(2). "A statute-of-limitations defense, if 'apparent from the face of the complaint,' may properly be raised in a motion to dismiss." *Seven Arts Filmed Ent.*, 733 F.3d at 1254 (quoting *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980)). However, "statutes of limitations are affirmative defenses, not pleading requirements." *Diamond Resorts U.S. Collection Dev., LLC v. Pandora Mktg., LLC*, 656 F. Supp. 3d 1073, 1087 (C.D. Cal. 2023) (quoting *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014)). In addition, on a motion to dismiss, it is the defendant's burden to prove that a reasonably diligent plaintiff would have discovered the facts constituting the alleged violation. *See Merck & Co., Inc. v. Reynolds*, 559 U.S. 633, 654 (2010). Discovery covers facts that the plaintiff knows, as well as facts that a reasonably diligent plaintiff would have known. *Id*. at 644.

Here, Plaintiff asserts that from September 2022 through February 2023, Defendant RoundPoint "falsely reported the mortgage account as 120 to 180 days delinquent." Dkt. No. 6 ¶ 11. Plaintiff filed his complaint on July 28, 2025, which is within five years of the alleged violation. *Id.* But Defendant asserts that Plaintiff should have discovered the violations

immediately, such that the two-year statute-of-limitations period should apply. *See* Dkt. No. 43 at 8; Dkt. No. 58 at 2.

First, the only evidence of untimeliness that Defendant RoundPoint provides to the Court are forbearance letters that it sent to Plaintiff discussing delinquency. All of these letters, however, are dated within two years of when Plaintiff filed his complaint. *See, e.g.*, Dkt. No. 43-1 (Feb. 2024 Forbearance Letter); Dkt. No. 43-2 (June 2024 Forbearance Letter); Dkt. No. 43-3 (Sep. 2024 Forbearance Letter); Dkt. No. 43-4 (Dec. 2024 Forbearance Letter); Dkt. No. 43-5 (Feb. 2025 Forbearance Letter); Dkt. No. 43-6 (Mar. 2025 Forbearance Letter). Therefore, the letters are clearly insufficient to meet Defendant's burden of proving a discovery date within the two-year statute of limitations.

Second, Plaintiff asserts in his reply that he did not discover the alleged misreporting until October 2024. Dkt. No. 48 at 4. The Court cannot consider this information, because "[i]t is axiomatic that [a] complaint may not be amended by the briefs in opposition to a motion to dismiss." *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1009 (N.D. Cal. 2014) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)); *see also Merriman Blum v. Amazon.com, Inc.,* No. C25-977, 2025 WL 3754248, at *4 (W.D. Wash. Dec. 29, 2025) ("A plaintiff may not amend its pleading via its responsive brief."); *Rohani v. Rubio*, No. C24-389, 2025 WL 1503950, at *11 (W.D. Wash. May 27, 2025) ("Plaintiffs cannot amend their complaint via a response brief."). Nevertheless, Plaintiff's assertion in his response brief highlights that a factual dispute exists on this issue, which is not proper for the Court to resolve on a motion to dismiss. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018) (noting "prohibition against resolving factual disputes at the pleading stage"); *Dahlia v. Rodriguez*, 735 F.3d 1060, 1076 (9th Cir. 2013). The Court further notes that the case cited in

support of Defendant's position was decided on a motion for summary judgment. *See* Dkt. No. 43 at 8 (citing *Grigoryan v. Experian Info. Sols., Inc.*, 84 F. Supp. 3d 1044 (C.D. Cal. 2014).

For these reasons, the Court finds that Defendant RoundPoint has not met its burden of proving either that Plaintiff discovered the allegations, or that Plaintiff reasonably should have discovered the allegations within the two-year statute-of-limitations period. Therefore, Plaintiff's claims regarding reports about his mortgage account from September 2022 through February 2023 survive Defendant RoundPoint's motion to dismiss.

### 2.      December 2024 and June 2025 Alleged Delinquencies

Defendant RoundPoint asserts that Plaintiff's claims regarding Defendant RoundPoint's December 2024, and June 2025 delinquency reports are false and asks the Court to take judicial notice of the Parties' applicable agreements. Dkt. No. 43 at 8.

On a motion to dismiss, a court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Under incorporation by reference, a court may "consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). A document may be incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d at 908.

Plaintiff stated in his complaint that he entered into a forbearance plan, and that Defendant RoundPoint failed to report Plaintiff's account as current during and after the forbearance plan, in violation of the CARES Act and CFPB guidelines. Dkt. No. 6 ¶¶ 9–10. He

ORDER ON MOTION TO DISMISS – 7

also alleges Defendant RoundPoint misreported him as delinquent in June 2025, while he was in a trial modification plan and not yet in default on its terms. *Id.* ¶ 17. It is Defendant RoundPoint's alleged violations of the terms of the forbearance plan and trial modification plan that underlie Plaintiff's claims in Count I. In its motion, Defendant RoundPoint references the forbearance plans and trial modification plan.[4] Plaintiff entered the terms of agreement within those forbearance plans as it relates to the December 2024 and June 2025 alleged delinquencies. Dkt. No. 43 at 8–10. Further, the authenticity and relevance of the forbearance plans and trial modification plan are not in dispute, as both Parties rely on them. *Id.*; *see generally* Dkt. No. 6. As such, the Court will consider Defendant RoundPoint's arguments and exhibits as to the forbearance plans.

Relevant to this particular portion of Count I, Plaintiff entered several three-month forbearance plans. Dkt. No. 43 at 9. The series of three-month forbearance plans Plaintiff entered and renewed ended on November 30, 2024. *Id*. These three-month forbearance plans did not include the mortgage payment that was due in May 2024. *Id*. Each of the forbearance plan letters sent to Plaintiff explicitly stated, "At the end of this Forbearance Plan, the amounts temporarily reduced or suspended under the plan will become due in full. At that time, all standard mortgage collection outreach activities will resume." Dkt. No. 43-1 at 2; Dkt. No. 43-2 at 2; Dkt. No. 43-3 at 2. The September 2024 forbearance plan ran through November 30, 2024. Dkt. No. 43-3. Plaintiff did not enter another forbearance plan until December 16, 2024, meaning there was a 16-day window during which his mortgage was not in forbearance. Dkt. No. 43-4 (Dec. 2024 Forbearance Letter). As a result, between the expiration of the September 2024 forbearance (i.e., November 30, 2024), and the contract date for the new December forbearance plan (i.e.,

---

[4] While Plaintiff's complaint references a forbearance plan in the singular, Plaintiff entered multiple forbearance plans because he was required to reapply for forbearance when each plan ended. *See* Dkt. Nos. 43-1–43-6.

ORDER ON MOTION TO DISMISS – 8

December 16, 2024), Defendant RoundPoint asserts Plaintiff was delinquent, specifically for the May 2024 mortgage payment. Dkt. No. 43 at 10. The actual forbearance plans contradict Plaintiff's allegation that the December 2024 delinquency was fabricated, especially as the complaint is silent about the 16-day gap between forbearance plans and whether any payment was made to bring the account out of delinquency.

As to the June 2025 alleged delinquency, "the parties entered into a series of forbearance plans again in 2025, which culminated in the offering of a trial modification plan on April 30, 2025." *Id.*; *see also* Dkt. No. 43-5 (Feb. 2025 Forbearance Letter); Dkt. No. 43-6 (Mar. 2025 Forbearance Letter); Dkt. No. 43-7 (Apr. 2025 Trial Plan Letter). The April 2025 trial plan letter explicitly states that Plaintiff owed $3,677.02 on June 1, 2025. Dkt. No. 43-7 at 3. Further, Defendant RoundPoint's April 2025 letter notified Plaintiff that he was still delinquent. *Id.* at 5, 6. The letter explicitly states, "*We will continue to report the delinquency status of the loan* to credit reporting agencies as well as your entry into a trial period plan in accordance with the requirements of the Fair Credit Reporting Act and the Consumer Data Industry Association requirements." *Id.* at 5 (emphasis added). The letter goes on to notify Plaintiff that "[y]ou agree that the servicer will hold the trial period payments in an account *until sufficient funds are in the account to pay your oldest delinquent monthly payment.*" *Id.* at 6 (emphasis added). While Plaintiff attempts to claim that he was not delinquent on June 5, 2025, due to the trial modification, his complaint is silent about (1) his actually making a payment of $3,677.02 on or by June 1, 2025; and (2) that if he did make such a payment, it was enough to get him out of delinquency. *See generally* Dkt. No. 6. It appears Plaintiff incorrectly believed that entering a trial plan meant that he was no longer delinquent. *Id.* ¶ 17. As a result, on June 5, 2025, Defendant RoundPoint reported that Plaintiff was delinquent on his May 2024 mortgage payment. Dkt. No. 43 at 10.

ORDER ON MOTION TO DISMISS – 9

The alleged violation of the terms of the forbearance plans and trial modification plan form the bases of Plaintiff's claims in Count I. However, Defendant RoundPoint submitted to the Court the actual letters sent to Plaintiff that outlined the plan agreements. The plain language of the forbearance and trial modification plans related to Defendant RoundPoint's reporting of Plaintiff's delinquencies in December 2024 and June 2025 directly contradicts the allegations in Plaintiff's complaint. Accordingly, the Court cannot draw the reasonable inference that Defendant RoundPoint is liable for the misconduct alleged.

* * *

Therefore, the Court GRANTS IN PART and DENIES IN PART Defendant RoundPoint's motion to dismiss Count I. As to the alleged violations between September 2022 and February 2023, Plaintiff has sufficiently stated a claim, thus Defendant RoundPoint's motion is therefore DENIED. As to the alleged violations in December 2024 and June 2025, Plaintiff has failed to state a claim for which relief can be granted, and Defendant RoundPoint's motion is therefore GRANTED, and the Court DISMISSES WITHOUT PREJUDICE this portion of the claim.

**B.      Count II: Violation of FCRA, 15 U.S.C. § 1681s-2(a)(1)(F), and CARES Act**

Next, Plaintiff brings a claim under 15 U.S.C. § 1681s-2(a)(1)(F) and the CARES Act. Dkt. No. 6 ¶¶ 24–25. Plaintiff attempts to amend his complaint in his reply brief by claiming that he actually pleads Count II under 15 U.S.C. §1681s-2(b). Dkt. No. 48 at 3. But Plaintiff's complaint clearly asserts 15 U.S.C. § 1681s-2(a)(1)(F) as the basis for Count II. Dkt. No. 6 at 5I. As previously stated, a complaint cannot be amended in an opposition brief. *See supra* Section III.A.1.

Defendant RoundPoint correctly points out that "[t]here is no private right of action for individuals against furnishers like RoundPoint under subsection (a) of 15 U.S.C. § 1681s-2." Dkt. No. 43 at 11. Section 1681s-2(c)(1) provides, "Except as provided in section

ORDER ON MOTION TO DISMISS – 10

1681s(c)(1)(B) of this title, sections 1681n and 1681*o* of this title do not apply to any violation of . . . subsection (a) of this section, including any regulations issued thereunder[.]" 15 U.S.C. § 1681s-2(c)(1). Further, Section 1681s-2(d) provides, "The provisions of law described in paragraphs (1) through (3) of subsection (c) (other than with respect to the exception described in paragraph (2) of subsection (c)) shall be enforced exclusively as provided under section 1681s of this title by the Federal agencies and officials and the State officials identified in section 1681s of this title." 15 U.S.C. § 1681s-2(d); *see also Dvorak v. AMC Mortg. Servs., Inc.*, No. C06-5072, 2007 WL 4207220, at *3 (E.D. Wash. Nov. 26, 2007) ("Enforcement of § 1681 s-2(a) is vested exclusively in federal and state officials.") (citing *Nelson v. Chase Manhattan Mortg. Corp.,* 282 F.3d 1057, 1059 (9th Cir.2002)). Because Plaintiff is a private individual, he cannot bring a claim under 15 U.S.C. § 1681s-2(a)(1)(F).

Therefore, as to Count II, Plaintiff has failed to state a claim for which relief can be granted. Accordingly, the Court GRANTS Defendant RoundPoint's motion and DISMISSES WITH PREJUDICE Count II.

**C.    Count III: Violation of FCRA – 15 U.S.C. § 1681e(b)**

Plaintiff brings this count under Section 1681e(b), which provides, "whenever a *consumer reporting agency* prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. §1681e(b) (emphasis added). In Plaintiff's complaint, he asserts, "This is an action for damages arising from the repeated, willful, and negligent violations . . . by Defendant RoundPoint Mortgage Servicing Corporation ("RoundPoint"), *and the consumer reporting agencies* Experian, Equifax, and TransUnion (collectively, 'CRAs')." Dkt. No. 6 ¶ 1. (emphasis added).

Defendant RoundPoint makes clear it is a mortgage furnisher, not a CRA. Dkt. No. 43 at

ORDER ON MOTION TO DISMISS – 11

12. Nowhere in Plaintiff's response does he address this argument that Defendant RoundPoint makes. *See generally* Dkt. No. 48. "Failure to respond to an argument may be treated as an admission that the argument has merit." *Bds. of Trs. of the Cement Masons & Plasterers Health & Welfare Tr. v. Concreteman, Inc.*, No. C13–1698, 2014 WL 1884496, at *3 (W.D. Wash. May 12, 2014); *see also* LCR 7(b)(2). In addition, Plaintiff's complaint itself concedes Defendant RoundPoint is not a CRA, instead asserting that RoundPoint "is a mortgage loan servicer." Dkt. No. 6 at ¶ 6. Based upon the plain language of the statute, Plaintiff cannot bring a claim against Defendant RoundPoint under this statute, because Defendant RoundPoint is not a consumer reporting agency.

Therefore, as to Count III, Plaintiff fails to state a claim for which relief can be granted, and the Court therefore GRANTS Defendant RoundPoint's motion and DISMISSES WITH PREJUDICE Count III.

**D.    Counts IV, V, and VI: Washington Law Claims**

Plaintiff alleges the following Washington state-law claims: Count IV—negligent misrepresentation; Count V—intentional infliction of emotional distress ("outrage"); and Count VI—violation of Washington Consumer Protection Act, Chapter 19.86 RCW 19.86. Dkt. No. 6 at 5–6. Defendant RoundPoint argues that all Washington state-law claims should be dismissed because a provision in the FCRA, 15 U.S.C. § 1681t(b)(1)(F), preempts any state law claim. Dkt. No. 43 at 12. In response, Plaintiff asserts that he is allowed to proceed with his claims because "Section 1681h(e) allows state tort claims where the furnisher acted with 'malice or willful intent to injure.'" Dkt. No. 48 at 4. Plaintiff goes on to argue that because Defendant RoundPoint knowingly furnished false delinquencies, even after admitting that its prior reporting was wrong, Defendant RoundPoint's actions were with malice or willful intent to injure and, therefore, survive. *Id.*

ORDER ON MOTION TO DISMISS – 12

The FCRA includes two provisions—15 U.S.C. §§ 1681h(e) and 1681t(b)(1)(F)—that restrict state-law claims against furnishers of information. Section 1681h(e), which Plaintiff relies on, states,

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15. U.S.C. § 1681h(e). On the other hand, section 1681t(b)(1)(F) states, "No requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies[.]" *Id.* § 1681t(b)(1)(F). Pertinent to Defendant RoundPoint, which is a furnisher of information to CRAs, section 1681s-2 governs the "[d]uty of furnishers of information to provide accurate information." *Id.* § 1681s–2(a).

While Section 1681h(e) implies that some state-law claims can proceed, section 1681t(b)(1)(F) indicates that all state-law claims are preempted. Courts use three approaches to interpret the two FCRA provisions: the total preemption approach, the statutory approach, and the temporal approach. *Shiver v. Ally Fin.*, No. C19-0189, 2019 WL 2902500, at *3 (C.D. Cal. Feb. 22, 2019); *Subhani v. JPMorgan Chase Bank, Nat'l Ass'n,* No. C12-1857, 2012 WL 1980416, at *3 (N.D. Cal. June 1, 2012). Plaintiff asserts that "[t]he Ninth Circuit recognizes such claims as outside FCRA preemption," citing *Gorman v. Wolpoff & Abramson*, LLP, 584 F.3d 1147, 1168–69 (9th Cir. 2009). Dkt. No. 48 at 4. However, Plaintiff is incorrect. Instead, the Ninth Circuit in *Gorman* declined to adopt an approach, stating, "Attempting to reconcile the two

ORDER ON MOTION TO DISMISS – 13

sections has left district courts in disarray," and holding that, "In the end, we need not decide this issue." *Gorman*, 584 F.3d at 1166–67.

Notably, "[t]he majority of courts in the Ninth Circuit have favored the total preemption approach, determining that § 1681t(b)(1)(F) totally preempts all state statutory and common law causes of action which fall within the conduct proscribed under § 1681s–2." *Shiver*, 2019 WL 2902500, at *3 (internal quotation marks removed) (collecting cases); *see also Mohamed v. Navy Fed. Credit Union*, No. C25-4174, 2025 WL 2337124, at *3 (N.D. Cal. Aug. 12, 2025) (dismissing complaint, including a state-law defamation claim, because "[t]he majority of district courts in the Ninth Circuit favor the total preemption approach."). Further, the circuit courts that have addressed this issue also have found state statutory and common-law causes of action based upon conduct regulated under § 1681s–2 to be completely preempted by § 1681t(b)(1)(F). *See Hennessey v. Radius Glob. Sols. LLC*, No. C24-5654, 2024 WL 5119824, at *11 (W.D. Wash. Dec. 16, 2024) (citing *Purcell v. Bank of America,* 659 F.3d 622, 624–25 (7th Cir. 2011) and *Macpherson v. JP Morgan Chase Bank, N.A.*, 665 F.3d 45, 48 (2d Cir. 2011)). This Court agrees and joins these courts in adopting the total preemption approach.

Courts will typically allow *pro se* plaintiffs to amend their complaints in lieu of dismissal unless amendment would be futile because no set of facts can cure the deficiencies. *Yagman*, 852 F.3d at 867. Here, because the claims are preempted, amendment would be futile, and the claims must be dismissed with prejudice.

Therefore, the Court GRANTS Defendant RoundPoint's motion and DISMISSES WITH PREJUDICE Counts IV, V, and VI, because they are preempted state-law claims.

*     *     *

Because courts typically allow pro se plaintiffs to amend their complaints in lieu of dismissal, *see id.*, the Court GRANTS Plaintiff leave to file an amended complaint in this case that

ORDER ON MOTION TO DISMISS – 14

is consistent with this Order (i.e., Plaintiff cannot include any claims the Court has dismissed with prejudice).

### IV.    CONCLUSION

Accordingly, Defendant RoundPoint's Motion to Dismiss (Dkt. No. 43) is GRANTED IN PART and DENIED IN PART. It is hereby ORDERED:

(1)    As to Count I: (1) the claims between September 2022 and February 2023, Defendant RoundPoint's motion to dismiss is DENIED; and (2) the claims from December 2024 and June 2025, Defendant RoundPoint's motion to dismiss is GRANTED but DISMISSED WITHOUT PREJUDICE.

(2)    As to Counts II, III, IV, V, and VI, Defendant RoundPoint's motion to dismiss is GRANTED, and these Counts are DISMISSED WITH PREJUDICE.

(3)    Plaintiff is GRANTED leave to amend his complaint as to Count I within **30 days** of this Order. Therefore, any amended complaint is due by **February 25, 2026. If Plaintiff fails to file an amended complaint by February 25, 2026, his case SHALL proceed (1) against Defendant Roundpoint only with respect to Count I and Plaintiff's claims regarding the reporting about his mortgage account between September 2022 and February 2023 and (2) against all other Defendants with respect to Counts I and III.**

Dated this 26th day of January, 2026.

_____
Tana Lin
United States District Judge

ORDER ON MOTION TO DISMISS – 15