UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NICHOLAS P. MUNT-LOVELL,
Plaintiff,

v.

ROUNDPOINT MORTGAGE SERVICING CORP., et al.,
Defendants.

CASE NO. 2:25-cv-01365-TL

ORDER ON DEFENDANT ROUNDPOINT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

This matter is before the Court on Defendant RoundPoint Mortgage Servicing Corporation[1] ("Defendant RoundPoint")'s Motion to Dismiss Plaintiff's First Amended Complaint. Dkt. No. 66. Having reviewed Defendant Roundpoint's motion, Plaintiff Nicholas Munt-Lovell's opposition (Dkt. No. 69), Defendant RoundPoint's reply (Dkt. No. 72), and the relevant record, the Court GRANTS Defendant RoundPoint's motion.

[1] There are three other Defendants in this case—Experian Information Solutions Inc., Equifax Information Services LLC, and TransUnion LLC; however, the instant motion is brought only by Defendant RoundPoint.

## I. Background

This action arises from Defendant RoundPoint's allegedly false reporting of delinquency related to Plaintiff's mortgage. *See generally* Dkt. No. 6. Plaintiff proceeds in this matter pro se. On January 26, 2026, the Court issued an Order on Defendant RoundPoint's first Motion to Dismiss (Dkt. No. 61 ("First Order on MTD")). In the Court's First Order on MTD, the Court dismissed with prejudice Count II: violation of the Fair Credit and Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(a)(1)(F), and the Coronavirus Aid, Relief, and Economic Security ("CARES") Act; Count III: violation of the FCRA, 15 U.S.C. § 1681e(b); Count IV: negligent misrepresentation; Count V: outrage / intentional infliction of emotional distress; and Count VI: violation of Washington Consumer Protection Act, RCW 19.86. The Court dismissed Count I without prejudice to the extent it raised claims arising from the delinquencies reported in December 2024 and June 2025. *Id*. at 15. The Court denied Defendant RoundPoint's motion to dismiss the portion of Count I that pertained to delinquencies reported between September 2022 and February 2023. *Id*. The Court granted Plaintiff leave to amend Count I. *Id*. On February 5, 2026, Plaintiff filed his First Amended Complaint ("FAC"). Dkt. No. 63. On February 19, 2026, Defendant RoundPoint filed the instant motion. Dkt. No. 66. The matter is fully briefed and ripe for the Court's review. The Court otherwise assumes familiarity with the facts of this case. *See generally id*.; Dkt. No. 14 (Order on Motion for Temporary Restraining Order).

## II. Legal Standard

A defendant may seek dismissal when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion to dismiss, the Court takes all well-pleaded factual allegations as true and considers whether the complaint "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient, a claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 672. When considering a dismissal pursuant to Rule 12(b)(6), courts "accept as true all facts alleged in the complaint and construe them in the light most favorable to plaintiff[], the non-moving party.'" *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1122 (9th Cir. 2019) (alteration in original) (quoting *Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1156–57 (9th Cir. 2017)). However, courts are "not 'required to accept as true allegations that contradict exhibits attached to the [c]omplaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).

A pro se complaint must be "liberally construed" and held "to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (internal quotation marks omitted). Even so, a court should "not supply essential elements of the claim that were not initially pled." *Henderson v. Anderson*, No. C19-789, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (citation modified) (quoting *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))). Further, "it is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). Still, "[a] district court

should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)). Therefore, courts typically allow pro se plaintiffs to amend their complaints in lieu of dismissal. *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017).

## III. Discussion

Plaintiff brings seven total claims, three of which are against Defendant RoundPoint. The claims against Defendant RoundPoint include: Count I: violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b) (Dkt. No. 63 ¶¶ 58–68); Count II: willful noncompliance with the FCRA, 15 U.S.C. § 1681n (*id.* ¶¶ 69–71); and Count III: negligent noncompliance with the FCRA, 15 U.S.C. § 1681o) (*id.* ¶¶ 72–73). Counts II and III are new claims that were not in Plaintiff's initial complaint. *See generally* Dkt. No. 6. Count IV–VII are against the remaining Defendants who filed a separate motion to dismiss (Dkt. No. 70), therefore, the Court will not address those in this Order. For the reasons stated in the Court's First Order on MTD, the Court will take judicial notice of Defendant RoundPoint's exhibits in evaluating the motion. *See* Dkt. No. 61 at 7–8.

The FCRA imposes obligations on consumer reporting agencies ("CRAs") and on furnishers, such as Defendant RoundPoint, who provide credit information to CRAs. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153–54 (9th Cir. 2009). Specifically, the FCRA prohibits furnishers of credit information from providing "any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). To succeed on his FCRA claims, Plaintiff must show that: (1) defendant is a furnisher; (2) Plaintiff notified the CRAs that he disputed the reporting as inaccurate; (3) the CRAs notified the furnisher of the alleged inaccurate

information; (4) *the reporting was in fact inaccurate*; and (5) the defendant furnisher failed to conduct the investigation required by 15 U.S.C. § 1681s-2(b)(1). *Kihagi v. Nationstar Mortgage, LLC*, No. C22-1577, 2023 WL 5667570, at *3 (C.D. Cal. July 5, 2023).

**A. Count I: Violation of the FCRA, 15 U.S.C. § 1681s-2(b)**

**1. December 2024 Delinquency**

Defendant RoundPoint's motion regarding the alleged delinquency reported in December 2024 comes down to whether the information that Defendant RoundPoint reported to the CRAs on December 5, 2024, was inaccurate. Plaintiff argues that Defendant RoundPoint's December 5, 2024, delinquency reporting was inaccurate because: Plaintiff submitted his application for extension "immediately after December 1"; the application was pending at the time of Defendant RoundPoint's reporting; Defendant RoundPoint approved the extension on December 16, 2024; that approval told Plaintiff the forbearance was retroactively effective December 1, 2024, and that he owed $0.00 for that month; and that "[Defendant] RoundPoint later acknowledged the December reporting was erroneous." Dkt. No. 69 at 3; *see also* Dkt. No. 63 ¶¶ 31–32.

Although the Court is to consider any well pleaded facts as true, Plaintiff's allegations contradict the exhibits on which both Parties rely. On September 4, 2024, Defendant RoundPoint sent Plaintiff a forbearance approval letter that approved forbearance for three months, expiring on November 30, 2024. *See* Dkt. No. 43-3 (Sept. 2024 Forbearance Letter). This letter explicitly stated, "[a]t the end of this Forbearance Plan, the amounts temporarily reduced or suspended under the plan will become due in full. At that time, all standard mortgage collection outreach activities will resume." *Id*. at 2. The letter also stated in reference to the $0.00 owed in September, October, and November 2024, "Please note that the above payments will not bring your mortgage loan current and *at the end of the plan you will be delinquent on your mortgage*." *Id*. at 3 (emphasis added). This meant that after November 30, 2024, Plaintiff would be

delinquent on his mortgage unless he paid the balance due in full. Although Plaintiff argues that his next forbearance application was pending at the time that Defendant RoundPoint submitted his account as delinquent, Plaintiff concedes that he submitted his next forbearance application "after December 1, 2024," meaning it was submitted *after* the three-month forbearance ended and, therefore, at a time when Plaintiff's account was delinquent. *See* Dkt. No. 29. Plaintiff does not argue that his approval letter stated anything about forbearance extensions or delinquency exceptions for pending forbearance applications. Instead, he asserts that because his application was pending, the reporting was inaccurate. No such language existed in the approval letter. *See* Dkt. No. 43-3. Therefore, the Court finds unavailing Plaintiff's argument that because Defendant RoundPoint reported Plaintiff as delinquent while Plaintiff had a pending forbearance application that was later approved, such reporting was inaccurate. Such a claim is contrary to the exhibits on which both Parties rely.

Plaintiff also argues that Defendant RoundPoint "acknowledged the December reporting was erroneous." Dkt. No. 69 at 3. But this is unsupported by the exhibit Plaintiff cites. To support this argument, the FAC references a February 6, 2025, letter that Defendant RoundPoint sent to Plaintiff. *See* Dkt. No. 63 ¶ 33. The letter states that "on January 28, 2025, an update was submitted to have the account reported as current and active on a forbearance plan during the December 2024 credit reporting cycle." Dkt. No. 13-2 (Feb. 6, 2025 Letter). But the letter also explicitly states, "[a]s background the forbearance extension was finalized after December 1, 2024; therefore, at the time of reporting the loan was accurately reported as due for the May 1, 2024, monthly payment." *Id*. The letter makes no acknowledgment of "erroneous" or incorrect reporting. *See id*. Therefore, Plaintiff is incorrect that Defendant RoundPoint "acknowledged the December reporting was erroneous." Dkt. No. 69 at 3.

The plain language of the forbearance and trial modification plan related to Defendant RoundPoint's reporting of Plaintiff's delinquencies in December 2024, as well as the February 2025 letter, directly contradict the allegations in Plaintiff's FAC. Without pleading facts that support that Defendant RoundPoint's reporting was inaccurate to begin with, Plaintiff does not state a claim for which relief can be granted. Accordingly, the Court cannot draw the reasonable inference that Defendant RoundPoint is liable for the misconduct alleged.

**2. June 2025 Delinquency**

The FAC alleges that Defendant RoundPoint inaccurately reported Plaintiff's mortgage as 180 days delinquent on June 5, 2025, because the payment was due on June 1, 2025, and "it is mathematically impossible for an amount due five days earlier to be 180 days delinquent." Dkt. No. 63 ¶¶ 38–42. Defendant RoundPoint argues that "per the terms of the April Trial Plan (Dkt. No. 43-7), Plaintiff owed a payment of $3,677.02 on June 1, 2025, which he did not pay. Accordingly, on June 5, 2025, RoundPoint accurately reported that Plaintiff was still delinquent on his May 2024 mortgage payment." Dkt. No. 66 at 5.

Although Plaintiff's FAC does modify his argument as to why Defendant RoundPoint's June 2025 reporting was inaccurate, it does not fix the flaws from his initial complaint. For example, the FAC still does not claim that Plaintiff made the $3,677.02 payment owed on June 1, 2025, or that such a payment was enough to get him out of his May 2024 delinquency. This is in spite of the fact that the April 2025 trial plan letter expressly told Plaintiff: (1) "We will continue to report the delinquency status of the loan to credit reporting agencies as well as your entry into a trial period plan in accordance with the requirements of the Fair Credit Reporting Act and the Consumer Data Industry Association requirements"; and (2) "You agree that the servicer will hold the trial period payments in an account until sufficient funds are in the account to pay your oldest delinquent monthly payment." Dkt. No. 43-7 at 5–6. More importantly, the FAC does not

overcome, and indeed ignores, the fact that the Court already found that the 180-day delinquency reporting was in reference to Plaintiff being delinquent on his May 2024 mortgage payment and was not inaccurate. *See* Dkt. No. 61 at 9. Thus, Plaintiff's argument that the delinquency reporting five days after the June 1, 2025, due date is "mathematically impossible" misconstrues the origin of the delinquency.

Because Plaintiff's claims contradict the exhibits relied on by both Parties, Plaintiff fails to plead factual content that allows the Court to draw the reasonable inference that Defendant RoundPoint is liable for the misconduct alleged.

* * *

Accordingly, Count I is dismissed with prejudice as it relates to the December 2024 and June 2025 delinquencies. Although courts typically allow pro se plaintiffs to amend their complaints in lieu of dismissal, *Yagman*, 852 F.3d at 867, the Court has already done that once in this matter and will not do it a second time because neither Plaintiff's complaints nor the exhibits submitted by Defendant RoundPoint suggest that there are any facts that could be pled that would save Plaintiff's claim as it relates to the December 2024 and June 2025 delinquencies. *See Smith v. Capital One Fin. Corp.*, No. C21-5151, 2021 WL 4775118, at *3 (W.D. Wash. Oct. 13, 2021) (dismissing without leave to further amend where plaintiff's arguments did not "suggest that there are any other facts that could be pled that would save plaintiff's claims"); *see also Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

//

//

//

**B. Count II: Willful Noncompliance with the FCRA, 15 U.S.C. § 1681n and Count III: Negligent Noncompliance with the FCRA, 15 U.S.C. § 1681o**

Defendant RoundPoint argues that "where, as here, a plaintiff fails to plead a violation of Section 1681s-2(b), claims under Sections 1681n and 1681o should be dismissed for failure to state a claim." Dkt. No. 66 at 6 (citing *Newman v. Capital One Servs., Inc.*, No. C05-5409, 2006 WL 8443374, at *4–5 (N.D. Cal. June 12, 2006)); *see also Ali v. Capital One*, No. C11-2115, 2012 WL 1205574, at *4 (E.D. Cal. Apr. 11, 2012) (tying liability under 15 U.S.C. §§ 1681n and 1681o to violations of 15 U.S.C. 1681s–2(b)). As such, Defendant RoundPoint argues that, as to Plaintiff's December 2024 and June 2025 delinquencies, "Plaintiff's Section 1681n and 1681o claims premised on the same conduct should likewise be dismissed with prejudice." *Id.*[2]

The Court agrees with Defendant RoundPoint. Because the facts that Plaintiff relies on for his claims as to the December 2024 and June 2025 delinquencies contradict the exhibits on which both Parties rely, these facts cannot support Plaintiff's assertion of willful noncompliance under 15 U.S.C. § 1681n and negligent noncompliance under 15 U.S.C. § 1681o. As explained in Section III.A., Plaintiff disregards language in the letters Defendant RoundPoint sent him that undermines his allegations of inaccurate reporting.

To be clear, the fact that Defendant RoundPoint successfully argues against Plaintiff's claims as to the December 2024 and June 2025 delinquencies does not mean the Counts are fully disposed of. Plaintiff's claims in Counts II and III also rely on conduct related to the reporting of alleged delinquencies in 2022 (*see* Dkt. No. 63 ¶¶ 60, 64, 69)—that is, conduct related to the portion of Count I that the Court declined to dismiss in its First Order on MTD (Dkt. No. 61 at

[2] In reply, Defendant RoundPoint also argues that Counts II and III should be dismissed because they are "wholly new counts that were not included in Plaintiff's original Complaint," contrary to the type of leave the Court allowed. However, the Court will not consider this argument because "[n]ew arguments may not be introduced in a reply brief." *United States v. Puerta*, 982 F.2d 1297, 1300 n.1 (9th Cir. 1992).

5–7). Perhaps understandably, given the Court's prior ruling, Defendant RoundPoint makes no arguments in the instant motion against these claims as to the 2022 and 2023 delinquencies, and the Court does not understand the motion to seek dismissal of this portion of the claims. *See* Dkt. No. 66 at 2 n.1 (acknowledging Court's prior ruling and reserving right to seek dismissal of those claims on summary judgment).

Therefore, the Court grants Defendant RoundPoint's motion to dismiss "Plaintiff's Section 1681n and 1681o claims premised on" the "December 2024 and June 2025 Delinquencies." Dkt. No. 66 at 6. The Counts remain as to the alleged willful and negligent conduct related to the 2022 and 2023 delinquencies. As to the alleged willful and negligent conduct related to the delinquencies reported in December 2024 and June 2025, Plaintiff has failed to state a claim for which relief can be granted. Defendant RoundPoint's motion is therefore granted, and the Court dismisses with prejudice this portion of the claim. The Court declines to allow Plaintiff to amend his complaint as to the December 2024 and June 2025 delinquencies for the reasons stated in section III.A.

## IV. Conclusion

Accordingly, Defendant RoundPoint's Motion to Dismiss (Dkt. No. 66) is GRANTED. It is hereby ORDERED:

(1) Defendant RoundPoint's motion to dismiss Count I is GRANTED as it relates to the delinquencies reported in December 2024 and June 2025. Count I is DISMISSED WITH PREJUDICE as it relates to the delinquencies reported in December 2024 and June 2025.

(2) Defendant RoundPoint's motion to dismiss Counts II and III as to the delinquencies reported in December 2024 and June 2025 is GRANTED. Count II

and III are DISMISSED WITH PREJUDICE as to the delinquencies reported in December 2024 and June 2025.

Dated this 30th day of September, 2026.

Tana Lin
United States District Judge